FILED
MAY 29 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Romael Eliberto Morales-Escobar<br><br>*Defendant(s)* | )<br>)<br>) Case No. 5:25-MJ-1679-JG<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __Dec. 29, 2020/Nov. 23, 2024__ in the county of __Wake__ in the __Eastern__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1253(a)(1)(A) | The defendant, a deportable alien against whom a final order of removal was issued on Sept. 29, 2020 pursuant to 8 U.S.C. § 1227(a), willfully failed or refused to depart from the United States within a period of ninety (90) days of the date of the final order, i.e., by on or about Dec. 28, 2020. |
| 8 U.S.C. § 1306(b) | The defendant failed to notify the Attorney General of his change of address within ten (10) days of such change, as required by 8 U.S.C. § 1305, i.e., by on or about Nov. 22, 2024. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Reece*
*Complainant's signature*

Ronald Dorman, Deportation Officer, ICE
*Printed name and title*

On this day, DO Ronald Dorman appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this Complaint.
Date: 29 MAY 2025

*Judge's signature*

City and state: __Raleigh, North Carolina__     JAMES E. GATES, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

AFFIDAVIT

1. I, Ronald Dorman, having been duly sworn, do hereby depose and state: I am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), formerly known as the Immigration and Naturalization Service, assigned to the Cary, North Carolina office. I began my federal law enforcement career with the United States Border Patrol on January 2, 1996. In December of 2008, I transferred to ICE and have been continuously employed in my current position since that time. My duties routinely include the investigation of violations of the federal criminal statutes concerning or pertaining to immigration offenses.

2. This affidavit is submitted as evidence of probable cause supporting the issuance of an arrest warrant for Romael Eliberto Morales-Escobar ("MORALES"), a deportable alien against whom a final order of removal is outstanding pursuant to 8 U.S.C. § 1227(a), for willfully failing or refusing to depart the United States within ninety (90) days of such order, in violation of 8 U.S.C. § 1253(a)(1)(A), and for failing to notify the Attorney General of his change of address, as required by 8 U.S.C. § 1305, in violation of 8 U.S.C. § 1306(b). This affidavit does not set forth all information known to your affiant about this case and is being submitted for the limited purpose of providing sufficient information to establish probable cause.

3. In the course of investigating this matter, I have obtained information through law enforcement channels and the official Alien File ("A-File") numbered

A209 848 881. This file is maintained in the name of Romael Eliberto Morales-Escobar and contains this individual's biographical information, family history, records of encounters with ICE, removal proceedings, appeals, conviction records, immigration petitions, photographs, and fingerprints. Based on the review of this A-File, I have concluded that it does in fact pertain to the defendant in this matter.

4. The A-File reflects the following information relative to this individual:

   a. MORALES is a citizen and national of Guatemala.

   b. His date of birth is XXXX XX, 1999, and his name is correctly reflected in this affidavit and the complaint to which it is attached.

   c. On November 5, 2016, at the Hidalgo Port of Entry in Hidalgo, Texas, MORALES applied to a U.S. Customs and Border Protection ("CBP") officer for admission to the United States. At the time, MORALES did not possess any visa or document which would permit his lawful entry into the United States. MORALES was arrested and detained by CBP.

   d. On May 8, 2017, in Phoenix, Arizona, CBP issued MORALES a Form I-862, Notice to Appear, which charged him with a single count of removability pursuant to section 212(a)(7)(A)(i)(I) of the INA. Page 2 of the I-862 contains the following admonishment: "Failure to appear: You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately using Form

EOIR-33 whenever you change your address or telephone number during the course of this proceeding." MORALES was transferred to the custody of the U.S. Department of Health and Human Services pending removal proceedings.

e. On July 31, 2017, in Phoenix, Arizona, the Executive Office for Immigration Review ("EOIR") received a Form EOIR-33, Alien's Change of Address Form/Immigration Court, and motion to change venue, which were submitted by MORALES. The EOIR-33 indicated that MORALES's address was 324 Wood Street in Cary, North Carolina.

f. On September 6, 2017, MORALES signed and submitted a Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, to U.S. Citizenship and Immigration Services ("CIS") via his attorney. Page 14 of the Form I-360 Instructions contains the following admonition: "A petitioner who is not a U.S. citizen must notify USCIS of his or her new address within 10 days of moving from his or her previous residence." On his I-360, MORALES indicated his address was 2025 N 3rd Street #205 in Phoenix, Arizona.

g. On October 20, 2017, ICE received an email from MORALES's attorney requesting that he be released from custody to reside with a family member at 326 Wood Street in Cary, North Carolina.

h. On October 22, 2017, ICE served MORALES with a Form I-220A, Order of Release on Recognizance. The I-220A included a series of conditions that MORALES was required to abide by, including "You must not change your place of residence without first securing written permission from [ICE]." MORALES signed the I-220A, thereby acknowledging that he understood the contents of the order and that failure to comply could subject him to prosecution. MORALES was subsequently released from ICE custody.

i. On December 21, 2017, CIS received a Form AR-11, Change of Address, which was submitted by MORALES. On his AR-11, MORALES indicated that his address was 324 Wood Street in Cary, North Carolina.

j. On May 22, 2018, MORALES signed a Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative, which was submitted to CIS via his attorney. Part 2.12 of the G-28 listed MORALES's address as 324 Wood Street in Cary, North Carolina. In Part 4, MORALES instructed CIS to direct all correspondence, documents, or notices related to his I-360 petition to his attorney of record.

k. On December 26, 2017, in Phoenix, Arizona, an immigration judge granted MORALES's motion for venue change and transferred

4

removal proceedings to the immigration court in Charlotte, North Carolina.

l. On September 25, 2018, in Charlotte, North Carolina, MORALES appeared in person at the immigration court and was ordered removed from the United States to Guatemala.

m. On October 9, 2018, in Falls Church, Virginia, the Board of Immigration Appeals ("BIA") received a Form EOIR-26, Notice of Appeal from a Decision of an Immigration Judge, as well as a Form EOIR-27, Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals, which were filed by MORALES's attorney on his behalf. Both forms indicated that MORALES's current address was 324 Wood Street in Cary, North Carolina.

n. On March 14, 2019, CIS mailed a Form I-797C, Notice of Action, to MORALES via his attorney. The notice indicated that the I-360 application had been approved, but that no immigration status was granted as a result of the approval and MORALES was ineligible to file for an adjustment of status.

o. On September 29, 2020, in Falls Church, Virginia, the BIA dismissed MORALES's appeal and ordered that any petition for review be filed with the appropriate court of appeals within 30 days. To date, no subsequent appeals have been filed.

5

p. On October 7, 2024, in Falls Church, Virginia, the BIA received a motion to reopen and dismiss proceedings without prejudice, which was jointly filed by the U.S. Department of Homeland Security and MORALES. In conjunction with that motion, MORALES's attorney submitted a Form EOIR-61, Notice of Entry of Limited Appearance for Document Assistance Before the Immigration Court. The EOIR-61 was signed on July 8, 2024, and indicated that MORALES's current address was 8005 Renew Side in Apex, North Carolina. Under 8 C.F.R. § 1003.2(f), a motion to reopen removal proceedings—joint or otherwise—do not stay or impact the validity of final orders of removal.

q. On November 12, 2024, in Wake County, North Carolina, MORALES was arrested by local authorities and charged with solicitation of child by computer to commit an unlawful sex act and attempted statutory rape of a child less than or equal to age 15. According to the warrant, MORALES's home address was 8005 Terrene Drive in Apex, North Carolina. The fingerprints taken by law enforcement subsequent to this arrest were a positive biometric match to those taken from MORALES by CBP in Hidalgo, Texas.

r. On November 13, 2024, in the Superior Court of North Carolina in Wake County, a search warrant was issued for MORALES's cellphone. According to the affidavit executed in support of the

*[handwritten margin note: "Revision at affiant's direction." with initials]*

application for the search warrant, on November 12, 2024, MORALES responded to an online ad posted by undercover officers on a website known to be used for soliciting prostitution. MORALES responded to the ad by sending a text message to an undercover officer who was posing as a human trafficker and trafficking a 14-year-old female for sex. The officer offered the girl for a 15-minute session of sex with a condom in a hotel for $80.00, and MORALES asked to have anal sex with the girl for an extra $60.00. MORALES travelled to the hotel and was arrested on arrival.

s. On November 18, 2024, I notified the ICE Office of the Principal Legal Advisor via email of the pending criminal matter against MORALES.

t. On November 19, 2024, ICE filed an urgent motion to withdraw the joint motion to reopen removal proceedings against MORALES with the BIA.

u. On April 9, 2025, in the Superior Court of North Carolina in Wake County, a two-count information was issued charging MORALES with attempted statutory rape and solicitation of child by computer to commit an unlawful sexual act, in violation of North Carolina General Statute ("NCGS") §§ 14-27.25 and 14-202.3, respectively.

7

v. On April 9, 2025, in the Superior Court of North Carolina in Wake County, MORALES pleaded guilty and was convicted of solicitation of a child by computer to commit an unlawful act, as charged in count two of the information. He was sentenced to a term of imprisonment of between 13 and 25 months, and ordered to register as a sex offender. The court suspended the execution of the sentence and, in lieu of prison, placed MORALES on supervised probation for a period of 48 months. MORALES was released from custody that day.

w. On April 15, 2025, MORALES registered as a sex offender with the Wake County Sheriff's Department. At the time of registration, MORALES indicated his home address was 8005 Terrene Drive in Apex, North Carolina. MORALES provided the same address to the North Carolina Department of Adult Correction.

x. On April 18, 2025, in Falls Church, Virginia, the BIA granted ICE's urgent motion and withdrew the joint motion to reopen removal proceedings.

5. MORALES has been subject to a final order of removal from the United States since September 29, 2020, and has not departed the United States since that time. Since at least November 12, 2024, he has resided at 8005 Terrene Drive in Apex, North Carolina. He failed to notify the Attorney General of such change of address by

November 22, 2024, and, to date, still has not notified the Attorney General of said change.

6. Based on the foregoing, I believe that there is probable cause to conclude that Romael Eliberto MORALES-Escobar is in fact a deportable alien against whom a final order of removal is outstanding pursuant to 8 U.S.C. § 1227(a), who has willfully failed or refused to depart the United States within ninety (90) days of such order, in violation of 8 U.S.C. § 1253(a)(1)(A), and has failed to notify the Attorney General of his change of address, pursuant to 8 U.S.C. § 1305(a) (requiring a change of address be submitted within ten (10) days of the date of such change), in violation of 8 U.S.C. § 1306(b), and respectfully ask that the Court issue a warrant ordering his arrest for such crimes.

Further your Affiant sayeth not.

_____
RONALD DORMAN
Deportation Officer
U.S. Immigration & Customs Enforcement

On this **29** day of May, 2025, Deportation Officer Ronald Dorman appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this affidavit.

_____
JAMES E. GATES
United States Magistrate Judge